# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHRISTOPHER ALLAN COUGLE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-2895** |
| **BARACK HUSSEIN OBAMA, ET AL.** | **SECTION "J" (4)** |

## REPORT AND RECOMMENDATION

**Considering the Application to Proceed In Forma Pauperis [Doc. #2],**

**IT IS ORDERED that:**

**X**      **the motion is GRANTED; the party is entitled to proceed in forma pauperis.**

☐      **the motion is MOOT; the party was previously granted pauper status.**

☐      **the motion is DENIED; the party has sufficient funds to pay the filing fee.**

☐      **the motion is DENIED; the party is not entitled to proceed in forma pauperis for the listed reasons:**

_____

_____

_____

**The Clerk of Court is directed to withhold summons until the District Court issues an order as to this report and recommendation.**

*Pro se* plaintiff Christopher Allan Cougle filed this civil action against former President Barack Hussein Obama, Susan Rice, and Evelyn Farkus in which he enumerates no requested relief. Cougle's complaint, entitled a "List of Complaints," is litererally just that – a list. The "List of Complaints" comprises 54 numbered sentences and phrases, a sampling of which follows.

6.      "[Obama] wiretapped Trump to see how he would interact with [Cougle.]"

7.      "All done using Susan Rice."

8.      "[Obama] hacked [Cougle's] phone to have the person agreed to in marriage to

1

> falsely file a restraining order and false arrest."

9. "False Imprisonment."

12. "[Obama] Changed traffic patterns to harass + increase time it took to get to [Cougle's] children."

19. "Obama lied. Fast + Furious led to guns in the hands of drug dealers."

24. "Lost custody of children due to false imprisonment + hacking my e-mail."

27. "[Obama] Has tried to circumvent Trump's authority as President."

33. "The Russian Government is to pay using my money for plaintiff attorneys."

37. "Obama is having an affair with Susan Yates."

39. "Obama falsely used murder to try and take down confederate monuments."

41. "[Obama] Used my money to pay for attorneys + lawsuits."

42. "Obama had [Cougle's] son aborted."

43. "[Obama] Had Aimee Mayeux break up with [Cougle] multiple times."

44. "No presidential library."

49. "All done because Obama, Susan Rice, + Evelyn Farkis are Nazis."

50. "Obama falsified sexual harassment complaints at Penn State, Baylor, + Duke."

52. "[Obama] had [Cougle] falsely committed + put on medications with side effects."

53. "[Obama] had the promise of money to have [Cougle] pay for things [Cougle] couldn't afford. Homes + BMW."

Cougle filed his complaint *in forma pauperis*.[1] An *in forma pauperis* complaint may be dismissed if it is determined that the action is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). "District

---

[1] [Doc. #2].

courts have broad discretion in determining whether a complaint filed IFP is frivolous so as to warrant dismissal." *Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995). In making that determination, a district court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989); *Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994). The United States Supreme Court has held:

> [A] court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.

*Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (internal quotation marks and citations omitted). This Court has no hesitation in finding that the instant complaint rises to that level and that it should be dismissed as factually frivolous.

The Court notes that defendants have not yet been served. Nevertheless, the Court need not wait for service to be effected. "A district court may dismiss an IFP proceeding for frivolousness . . . at any time, before or after service of process and before or after the defendant's answer." <u>Green v. McKaskle</u>, 788 F.2d 1116, 1119 (5th Cir. 1986). It is true that, in close cases, a district court "should permit the claim to proceed at least to the point where responsive pleadings are required." <u>Neitzke</u>, 490 U.S. at 323, 109 S.Ct. at 1830. This, however, is not a close case. Because "there is indisputably absent any factual or legal basis for the wrong asserted in the complaint," immediate dismissal is appropriate. *See id.* (internal quotation marks omitted). Moreover, because the

3

complaint is frivolous, dismissal with prejudice is appropriate. *See Marts v. Hines*, 117 F.3d 1504, 1506 (5th Cir. 1997).

Accordingly, **IT IS RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE AS FRIVOLOUS** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 19th day of April, 2017.

_____
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**